# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY OWENS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00662 |
| ) | |
| **SANDRA L. THOMPSON**, ) | |
| In her Official Capacity as Director, ) | |
| Federal Housing Finance Agency, ) | |
| ) | |
| Constitution Center ) | |
| 400 W. 7th Street, SW ) | |
| Washington, DC 20219 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Mary Owens brings this action against Sandra L. Thompson in her official capacity as Director of the Federal Housing Finance Agency ("FHFA") for damages and other relief relating to violations of Title VII, 42 U.S.C. § 2000e-16, for FHFA's disparate treatment of female employees, including Plaintiff.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this Complaint under 28 U.S.C. § 1331, in that this action is being brought under Title VII.

2. This Court also has original jurisdiction over this Complaint under 28 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) and 42 U.S.C. § 2000e-5(f)(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

1

## PARTIES

4. Plaintiff Mary Owens resides in Washington, D.C. and works as a Senior Policy Analyst for FHFA.

5. Defendant Sandra L. Thompson is the Director of FHFA and is a proper party pursuant to 42 U.S.C. § 2000e-16(c).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing as if fully set forth herein.

7. Plaintiff is a female.

8. Plaintiff applied for a Policy Analyst position with FHFA on December 19, 2016.

9. Plaintiff interviewed for the position and received an offer letter from FHFA on January 18, 2017, offering her the Policy Analyst position at a grade level of EL-11.

10. On January 19, 2017, Plaintiff attempted to negotiate her starting salary and was told she was not allowed to do so.

11. On February 19, 2017, Plaintiff began working for FHFA as a Policy Analyst.

12. Plaintiff was placed at grade level EL-11 with a starting salary of $78,630.

13. Plaintiff was the only Policy Analyst at FHFA assigned to EL-11; all other analysts were assigned to EL-12, even though they performed the same job.

14. From 2008 until 2021, FHFA used a new employee's prior salary to determine what FHFA would pay that new employee and at which grade level/pay scale the employee would be assigned.

15. Using prior pay to determine a female employee's starting salary perpetuates sex discrimination and defeats the purpose of Title VII.

16. FHFA's policy of using a new employee's prior salary to determine her FHFA grade level and salary resulted in lower wages for female employees as compared to male employees with substantially similar or identical jobs.

17. FHFA's practice was to offer new employees 10% more than their previous salary.

18. FHFA attempted to compare Plaintiff to other policy analysts but, because her prior salary was so low, FHFA determined she had no true comparators and automatically placed her at the bottom of the pay scale for grade level EL-11.

19. Plaintiff was the only Policy Analyst assigned to EL-11, all other analysts were assigned to EL-12, even though they performed the same job.

20. When determining Plaintiff's starting salary and grade level at FHFA, FHFA relied <u>only</u> upon Plaintiff's prior salary.

21. Had FHFA relied on other factors in Plaintiff's salary determination, there are no legitimate, non-discriminatory reasons for Plaintiff's pay disparity. Plaintiff's starting salary cannot be justified by differences in her education, experience, training, or ability when compared to male policy analysts.

22. A male policy analyst (a position substantially similar to Plaintiff's) hired by FHFA in September 2016 who had less relevant experience than Plaintiff had a salary of $110,000, over $31,000 more than Plaintiff's starting salary.

23. A male with less education and less relevant experience than Plaintiff was hired in November 2017 as a policy analyst at grade level EL-12 (a position substantially similar to Plaintiff's), with a starting salary of $92,621, almost $14,000 more than Plaintiff.

24. Plaintiff continues to make less than her male colleagues in substantially similar, if not identical, roles.

25. This is, in part, due to FHFA's claimed policies of limiting raises to 3.5%, limiting promotion-related salary increases to 10%, and limiting total per-year raises to 10%.

26. FHFA inconsistently applies its salary-increase policies, approving pay increases for males that it refuses to approve for females, regardless of performance.

27. Throughout Plaintiff's time at FHFA, male policy analysts in substantially similar or identical positions to Plaintiff's made between $12,000 and $91,000 more per year than Plaintiff.

28. FHFA also inconsistently applied its criteria, including but not limited to internal equity, experience at grade level, overall relevant experience, specialized qualifications, education, criticality of the position to FHFA, and/or labor market conditions, which impacted new employees' (including Plaintiff's) starting salaries and grade level/pay scale.

29. FHFA determined female employees to have less relevant experience than male employees for substantially similar or identical experiences.

30. For example, Plaintiff completed an internship at the White House for which she was given no credit to her years of experience while a male colleague was given credit for a substantially similar internship at the White House.

31. Because bonuses and promotion-related salary increases are based on an employee's base pay, a lesser base pay results in lesser amounts for bonuses and raises, further perpetuating Plaintiff's pay inequality.

32. This is also, in part, due to FHFA's failure to advance Plaintiff at the same rate as male colleagues performing equal or substantially equal work.

33. In 2021, FHFA conducted an equity review and determined that Plaintiff was not being paid enough.

34. During the equity review, rather than comparing Plaintiff to her male colleagues, FHFA used a female as Plaintiff's comparator, resulting in Plaintiff continuing to have a salary well below that of her male colleagues.

35. FHFA recently announced yet another equity review.

36. FHFA has admitted that Plaintiff is the highest performing Policy Analyst.

37. FHFA has admitted that Plaintiff is the lowest paid Policy Analyst at her level.

38. FHFA has admitted that Plaintiff's work as a Policy Analyst is substantially equal to that of her peers.

## COUNT I
### Violation of Title VII – Sex Discrimination
### Against Defendant Thompson

39. Plaintiff incorporates the foregoing as if fully set forth herein.

### Administrative Exhaustion of Remedies

40. On January 6, 2022, Plaintiff learned that her male colleagues in substantially similar or identical roles made between $20,000 and $80,000 per year more than she did.

41. On January 24, 2022, Plaintiff timely contacted an EEO Counselor with FHFA.

42. On January 31, 2022, Plaintiff timely completed her EEO Intake Form with FHFA.

43. On March 9 and March 22, 2022, Plaintiff engaged in an unsuccessful informal mediation with FHFA.

44. On April 15, 2022, Plaintiff received her Notice of Final Interview with EEO Counselor and Right to File Formal Complaint of Discrimination.

45. On April 26, 2022, Plaintiff timely filed her FHFA Formal Complaint of Discrimination on behalf of herself and others similarly situated. *See* **Exhibit A**.

46. On October 17, 2022, Plaintiff received FHFA's Report of Investigation.

47. On December 15, 2022, Plaintiff received FHFA's Final Agency Decision, including a Right to File a Civil Action "in Federal district court on claims raised in the administrative process." *See* **Exhibit B**.

48. Plaintiff, therefore, exhausted her administrative remedies on behalf of herself and others similarly situated and has timely filed this Complaint within 90 days of receiving her Right to File a Civil Action.

## FHFA's Continuing Violations of Title VII

49. Plaintiff is a member of a protected class in that she is female.

50. Beginning in at least 2008 and continuing to the present, FHFA treated Plaintiff differently than her male colleagues with substantially similar jobs, thereby engaging in a pattern and practice of sex discrimination.

51. Plaintiff was paid less than male employees who worked in substantially similar or identical positions.

52. Plaintiff was paid less than male employees due, in part, to FHFA's policy (in place from at least 2008 until 2021) to consider a new employee's prior salary in determining that employee's starting salary and grade level/pay scale at FHFA.

53. Further, FHFA inconsistently applied its pay-increase policies to female employees, including Plaintiff, and male employees, resulting in lower pay for female employees.

54. Further, FHFA inconsistently applied its experience calculations to female employees, including Plaintiff, and male employees, giving male employees more credit for

experience than female employees, even when the prior work performed by the employees was substantially similar or identical, resulting in lower pay and grade level/pay scale assignments for female employees.

55. Further, FHFA inconsistently applied its policy regarding the negotiation of starting salary and grade level/pay scale to female employees, including Plaintiff, and male employees, allowing male employees to negotiate their salaries, resulting in lower salaries for female employees.

56. FHFA's disparate treatment of female employees constitutes a continuing action under Title VII.

57. As a result of FHFA's disparate treatment of female employees, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests relief and prays for judgment against Defendant Thompson as follows:

A. Judgment against Defendant Thompson, finding that FHFA violated Title VII;

B. All damages to which Plaintiff is entitled under Title VII, including economic and non-economic damages, punitive damages, attorneys' fees, costs, prejudgment interest; and

C. All further relief the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: March 10, 2023                    Respectfully submitted,


                                         Robert A. Braun (DC Bar #1023352)
                                         COHEN MILSTEIN SELLERS & TOLL PLLC
                                         1100 New York Ave. NW, Fifth Floor
                                         Washington, DC 20005
                                         Telephone: (202) 408-4600
                                         rbraun@cohenmilstein.com

                                         ***Attorney for Plaintiff***